United States District Court
Southern District of Texas
**ENTERED**
July 15, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| PHAN VM HOLDING LLC, | § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-cv-03081 |
| Plaintiff, | | |
| | | JUDGE CHARLES ESKRIDGE |
| vs. | | |
| EVANSTON INSURANCE COMPANY, | | |
| Defendant. | | |

### OPINION AND ORDER
### GRANTING SUMMARY JUDGMENT

The motion for summary judgment by Defendant Evanston Insurance Company is granted. Dkt 13.

1. Background

This is an insurance dispute between Plaintiff Phan VM Holding LLC and its insurer, Defendant Evanston Insurance Company. Evanston issued a policy covering commercial property during the period from November 4th of 2016 to the same date in 2017. See Dkt 1-1 at 100–61 (policy).

Phan asserts that the property subject to the policy was severely damaged during Hurricane Harvey in August 2017. It filed a claim with Evanston in June 2018. See Dkt 1-1 at 9; see also Dkts 13 at 7 & 14 at 1. Evanston acknowledged receipt of the claim and sent a contractor to inspect the property in June 2018. See Dkts 13-1 (declaration of Evanston claims manager) & 13-3 (acknowledgment). The adjuster inspected the property, determined that a modified roof had been improperly installed, and concluded that Hurricane Harvey wasn't the

cause of the property damage. See Dkt 13-4 at 4–5. Evanston denied Phan's claim in July 2018. Id at 8.

Phan filed suit against Evanston in state court in June 2019. Dkt 1-1 at 69–79. It alleged that Evanston breached the policy, improperly paid Phan for its claim under that policy, and refused to pay the claim. Id at 73–77. It sought an order requiring Evanston to participate in appraisal, abatement of the lawsuit pending that appraisal, and actual damages including those suffered "in forcing [Evanston] to participate in appraisal" and for "benefit-of-the-bargain from [Evanston's] refusal to pay proper policy benefits." Id at 77–78.

Evanston removed that action on diversity jurisdiction in July 2019. See *Phan VH Holding LLC v Evanston Insurance Company*, Civil Action No 4:19-cv-02656. Phan timely moved to remand, contending that the amount in controversy didn't exceed $75,000. Dkt 13-8. It also there stipulated that its total potential recovery "for damages of any kind" wouldn't exceed $75,000. Id at 5. The case was then remanded with instruction limiting recovery as stipulated by Phan. Dkt 1-1 at 268–69.

The parties completed appraisal following remand, which resulted in a $184,057.95 award in favor of Phan. Dkt 13-10. Evanston paid Phan only $5,000, asserting that Phan's stipulated maximum damages were $75,000 and the policy was subject to a $70,000 deductible. Dkt 13-11 at 3. Phan demanded payment of the total award. Dkt 1-1 at 226–32. Evanston then offered Phan $70,000 as a "full and final settlement of all claims asserted" by Phan plus a $5,000 arbitration award payment. Dkt 13-12. Phan accepted the offer and related payments in November and December of 2020. See Dkt 13-7.

Evanston then moved for summary judgment, contending that no breach of contract occurred—given that it had paid Phan the appraisal award less the required deductible, the full amount of Phan's binding stipulation had been tendered, and Phan hadn't established damages under the policy in excess of the deductible. Dkt 1-1 at 81–99. The state court granted the motion in March 2021. Dkt 13-13.

2

Phan later initiated this action against Evanston in state court in August 2021, asserting claims for breach and anticipatory breach of contract, breach of the duty of good faith and fair dealing, violations of the DTPA and of Sections 541 and 542 of the Texas Insurance Code, fraud, and conspiracy. Dkt 1-1 at 7 & 12–22. Evanston again removed. Dkt 1. It now moves for summary judgment after the close of discovery. Dkt 13.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict in favor of the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2010), quoting *Anderson*, 477 US at 248. Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008), citing *Ballard v Burton*, 444 F3d 391, 396 (5th Cir 2006).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015) (quotation omitted); see also *Celotex Corp v Catrett*, 477 US 317, 323 (1986). But

when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536 (quotation omitted). To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012) (citation omitted).

    3. Analysis

Evanston moves for summary judgment, asserting that Phan's various claims are each barred by *res judicata*, collateral estoppel, and contractual or statutory limitations. Dkt 13 at 10–26.

*As to res judicata,* the Fifth Circuit holds that this doctrine of claim preclusion bars actions where in a prior and subsequent action (i) the parties are "identical or in privity," (ii) final judgment issued on the merits in the prior action, (iii) by "a court of competent jurisdiction," and (iv) both actions involved the same claims or causes of action. *In re Southmark Corp*, 163 F3d 925, 934 (5th Cir 1999) (citation omitted).

The parties don't dispute that in the initial action Evanston moved for—and the state court granted—summary judgment as to Phan's breach-of-contract claim, meaning that there was plainly a final judgment on the merits as to that claim. Compare Dkt 13 at 14, with Dkt 18 at 7.

But Evanston further argues that summary judgment as to Phan's breach-of-contract claim in the initial action precludes litigation here as to "[Phan's] asserted causes of action arising out of the Policy which could have been litigated in the prior suit." Dkt 13 at 16, citing *Barr v Resolution Trust Corp ex rel Sunbelt Federal Savings*, 837 SW2d 627, 628–29 (Tex 1992) (citation omitted). Evanston thus urges that *res judicata* bars Phan's claims here for anticipatory breach of contract, fraud, conspiracy, and violations of the DTPA and Sections 541 and 542 of the

Texas Insurance Code. Dkt 13 at 16–23. Phan disagrees, contending that Evanston "did not present evidence of an occurrence of final adjudication in the present case." Dkt 18 at 7. In other words, Phan argues that it need only show that summary judgment in state court didn't enter as to any of its causes of action asserted here. Id at 7–8.

Evanston is correct. The Fifth Circuit holds that final judgment on the merits in an initial action precludes subsequent litigation as to any "issues that were *or could have been* raised in that action." *Rhoades v Penfold*, 694 F2d 1043, 1048 (5th Cir 1983), quoting *Allen v McCurry*, 449 US 90, 94 (1980) (emphasis added). It instructs district courts to apply a "transactional test" for determination as to whether actions involve the same claims or causes of action for purposes of *res judicata*. *In re Southmark Corp*, 163 F3d at 934 (citation omitted). This requires determination of "whether the two actions under consideration are based on 'the *same nucleus of operative facts*.'" Ibid (emphasis in original); see also Restatement Second of Judgments § 24(1).

Central to both actions here are Phan's insurance policy with Evanston and whether the alleged damage to the subject property was caused by Hurricane Harvey. Compare Dkt 1-1 at 69–79, with Dkt 1-1 at 7–26. Each of the claims asserted by Phan are alleged to have resulted from, and were integrally related to, the alleged storm damage to the subject property. Phan's claims against Evanston in both actions thus quite clearly involve the *same nucleus of operative facts*. As such, the final judgment in state court as to the merits of Phan's breach of contract claim is entitled to preclusive effect.

*As to collateral estoppel,* this doctrine precludes relitigation of an issue where a prior and subsequent action (i) involve the same or identical issues, (ii) the issues were "actually litigated" in the prior action, and (iii) determination of the issue in the prior action was "part of the judgment in that earlier action." *In re Southmark Corp*, 163 F3d at 932 (citation omitted). Whereas *res judicata* bars "the litigation of claims that either have been litigated

or should have been raised in an earlier suit," collateral estoppel serves as a bar to the relitigation of "a critical issue" decided in a prior suit. Id at 934.

*Res judicata* and collateral don't necessarily apply equally in every action. For instance, the former can sweep broadly enough on consideration of the *same nucleus of operative facts* to bar an action, even where certain issues aren't *actually litigated* for purposes of the latter. See id at 934–35. And here, a closer question is presented on collateral estoppel as compared to *res judicata*. Given that summary judgment is appropriate under *res judicata* alone, this difference needn't be explored.

*As to limitations,* dismissal on the basis of *res judicata* entirely disposes of this action. This being so, the issue of limitations needn't be addressed.

    4. Conclusion

The motion by Defendant Evanston Insurance Company for summary judgment is GRANTED. Dkt 13.

A final judgment will enter by separate order.

SO ORDERED.

Signed on July 15, 2022, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge

6